UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA COTTER,<br><br>    Plaintiff,<br><br>  v.<br><br>JP MORGAN CHASE BANK, et al.,<br><br>    Defendants. | Case No. 15-cv-01802-MEJ<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

### INTRODUCTION

Since filing this case in March 2015, Plaintiff Cynthia Cotter ("Plaintiff") has repeatedly failed to comply with Court orders and deadlines. For the reasons set forth below, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1]

### BACKGROUND

On March 7, 2007, Plaintiff executed a promissory note, promising to pay Defendant SBMC Mortgage the principal amount of $440,000.00, plus interest. The Note was secured by a Deed of Trust encumbering the real property located at 3325 San Leandro Street, Oakland, California 94601. After Plaintiff defaulted on her loan payments, Defendant JPMorgan Chase Bank, N.A. initiated non-judicial foreclosure proceedings and subsequently sold the property at a trustee's sale on January 17, 2015. On March 19, 2015, Plaintiff initiated this action by filing a Complaint in Alameda County Superior Court. Dkt. No. 1. Defendants removed the case to this

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Therefore, the undersigned may exercise jurisdiction to conduct all proceedings in this matter.

Court on April 21, 2015.  *Id.*

After Defendants moved to dismiss Plaintiff's Complaint, the Court referred the case to the ADR Unit for a telephone conference to assess the case's suitability for mediation.  Dkt. No. 9.  The parties were instructed to participate in a telephone conference by May 26, 2015 and be prepared to discuss prospects for loan modification and settlement.  *Id.*  Although the ADR Unit scheduled a phone conference to take place on May 11, 2015 (Dkt. No. 10), Plaintiff did not appear and did not otherwise contact the ADR Unit or the Court to explain her absence.  Accordingly, the Court ordered Plaintiff to show cause why her case should not be dismissed for failure to prosecute.  Dkt. No. 15.

Plaintiff did not respond to the Order to Show Cause, but instead filed an Opposition to Defendants' pending Motions to Dismiss.  Dkt. No. 17.  The Court then referred the parties back to the ADR Unit for the telephonic conference.  Dkt. No. 18.  After Plaintiff appeared for an initial phone conference on July 14, 2015, she failed to appear for a follow up conference on August 12.  Based on the ADR Unit's recommendation, the Court set the matter for a Case Management Conference on September 3, 2015, and ordered the parties to file a joint status report by August 27.  Dkt. No. 23.  Although Defendants filed a separate report, they stated that Plaintiff failed to respond to repeated attempts to obtain her input in completing a joint report.  Dkt. No. 25.  The Court issued a Second Order to Show Cause, directing Plaintiff to show cause by September 8, 2015 as to why this case should not be dismissed for failure to prosecute and warning her that the Court would dismiss the case if she failed to file a response by September 8.  Dkt. No. 26.  As of the date of this Order, no response has been received.

**LEGAL STANDARD**

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline).  "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The *Henderson* factors "are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

**DISCUSSION**

Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff delayed adjudication of the claims in this case by failing to participate in ADR proceedings and repeatedly disregarding Court orders, including the most recent Order to Show Cause.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff failed to participate in ADR proceedings, failed to cooperate in the filing of a joint status report (and did not file a separate status report), failed to respond to the Court's Order to Show Cause, and has offered no explanation for her failure to prosecute. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See, e.g.*, *Hernandez*, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing two Orders to Show Cause and giving Plaintiff an opportunity to explain her failure to prosecute. As Plaintiff failed to respond, another order requiring her to respond is likely to be futile. *See, e.g.*, *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, both Orders to Show Cause warned Plaintiff of the risk of dismissal, and the second provided notice to Plaintiff "that the Court **shall** dismiss this case without a hearing if no responsive declaration is filed." Dkt. No. 26 (emphasis in original). Thus Plaintiff cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Accordingly, the Court finds that the fifth factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Thus, it is clear Plaintiff has failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendants, but dismissing the

4

1 case without prejudice will preserve the ability of Plaintiff to seek relief. Thus, "[i]n an
2 abundance—perhaps overabundance—of caution," the Court finds that dismissal without
3 prejudice is appropriate. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013)
4 (remanding to the district court in order to consider whether dismissal should have been without
5 prejudice).

6 Accordingly, this case is hereby **DISMISSED WITHOUT PREJUDICE** for failure to
7 prosecute and failure to comply with the Court's deadlines and orders.

8 **IT IS SO ORDERED.**

10 Dated: September 11, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA COTTER,

    Plaintiff,

v.

JP MORGAN CHASE BANK, et al.,

    Defendants.

Case No. 15-cv-01802-MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 11, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cynthia Cotter
3325 San Leandro Street
Oakland, CA 94601

Dated: September 11, 2015

Richard W. Wieking
Clerk, United States District Court

By: _____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES